# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2022

Lyle W. Cayce
Clerk

No. 20-60745
Summary Calendar

Zaw Lin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 534 619

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Zaw Lin, a native and citizen of Burma, petitions for review the Board of Immigration Appeals' (BIA) summarily affirming the Immigration Judge's (IJ) denial of protection under the Convention Against Torture (CAT). He

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

asserts that the BIA did not consider all the evidence supporting his claimed torture if CAT relief is not granted.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). When, as it did here, the BIA adopts the IJ's decision without assigning reasons, our court reviews the underlying decision. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

To obtain CAT relief, applicant must show, *inter alia*, it is more likely than not he will be tortured in his home country "at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity". 8 C.F.R. §§ 1208.16(c)(2) (eligibility for withholding of removal under CAT), 1208.18(a)(1) (defining torture).

Lin does not offer compelling evidence that he will more likely than not be tortured. To the extent he asserts he has included evidence in his briefs before the BIA and that it was not considered, such evidence has not been properly introduced into the record, and is, therefore, unexhausted. *Rui Yang v. Holder*, 664 F.3d 580, 588 (5th Cir. 2011) (explaining court does not have jurisdiction over unexhausted challenges). The evidence in the record does not show that Lin is a member of the ethnic group found to be tortured; therefore, there is no basis on which to compel reversal.

DISMISSED IN PART; DENIED IN PART.